995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William V. SMITH, Claimant-Appellant,
and
TRACK OF REAL PROPERTY, with buildings, appurtenances, and
improvements thereto, located in Pitt County, North
Carolina, and being more particularly described as follows:
Route 2, Box 210, Robersonville, North Carolina, and being
located on SR 1512, Hollowell Road, and being more
particularly described in book 288, page 4 of the Pitt
County Registry, being titled in the name of William Vernon
Smith (Tract # 1), and any and all proceeds from the sale of
said property; Land Located at Route 8, Box 520,
Greenville, North Carolina, located in Arthur Township, Pitt
County, North Carolina, Located on the South Side of U. S.
Highway 264, and being more particularly described in a deed
recorded in book 189, page 267, of the Pitt County Registry,
being titled in the name of William Vernon Smith (Tract #
2), and any and all proceeds from sale of said property, Defendants,
PITT COUNTY TAX COLLECTOR, Claimant.
 No. 92-2317.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 18, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CA-91-118-4-BO)
 William V. Smith, Appellant Pro Se.
 Thomas Philip Swaim, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 DISMISSED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 William V. Smith appeals from the district court's order granting the Government's motion to strike his claim and answer in a civil forfeiture proceeding brought by the Government pursuant to 21 U.S.C.A. §§ 881(a)(6), (a)(7) (West 1981 & Supp. 1993). We dismiss the appeal for lack of jurisdiction because the order is not appealable. This Court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1988); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.
 
 
 2
 We dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED